## West Chicago St. R. R. Co. v. Ida G. Petters.

| 95 | 479 |
| a196s | 298 |

1. INSTRUCTIONS—*Word "Alleged" Unnecessary, but Not Error to Use.*—In an instruction in a personal injury case which states that "The plaintiff was injured by reason of the 'alleged' negligence of the defendant," etc., the word "alleged" is unnecessary, but the defendant is in no way prejudiced by its use.

2. SAME—*Stating What a Servant of Company May Assume, May be Refused.*—An instruction which states that, as a matter of law, the servant of a street car company may assume certain things therein specified and act thereon without being guilty of negligence, is properly refused.

3. SAME—*When Properly Refused.*—Instructions which are covered by other instructions in the case are properly refused.

**Action on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed June 20, 1901.

JOHN A. ROSE and LOUIS BOISOT, JR., attorneys for appellant; W. W. GURLEY, of counsel.

FRANCIS J. WOOLLEY, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment recovered by appellee

against appellant, for the sum of $5,000. The evidence for appellee tends to show that she was going west, in a sleigh driven by a Mr. Butterworth, on the north or west-bound track of appellant on Twelfth street, in the city of Chicago, in the evening of February 24, 1898; that the sleigh turned into Twelfth street when they were a little west of Kedzie street (which crosses Twelfth street a number of blocks east of Millard avenue), and when they were about nine feet west of Millard avenue, a west-bound car of appellant came up behind the sleigh or cutter and crashed into it, causing the injuries complained of. Also, that the snow was deep and piled up on both sides of the track, so that it was impracticable to drive except in the railway track. The evidence of appellant tended to prove that the cutter could have been conveniently driven on the north side of the north track, and that the driver of the cutter suddenly turned onto the track when appellant's car was so short a distance from it that the motorman of the car could not stop it in time to avoid the collision.

Appellant's counsel rest appellant's claim for reversal of the judgment solely on alleged errors of the court in giving and refusing instructions. It is claimed that the court erred in giving plaintiff's fourth instruction, and in refusing defendant's instructions 19, 21, 23, 24 and 25. These will be considered in the order mentioned.

Instruction 4 commences thus:

" If the jury find from a preponderance of the evidence that the plaintiff was injured, as charged in her declaration, by reason of the alleged negligence of the defendant," etc.

The sole objection to the instruction is that the word "alleged" is used in it. It is true that the word is unnecessary, but we can not perceive that the appellant could have been in any way prejudiced by its use.

Instruction 19. "The court instructs the jury that no presumption of negligence arises against the defendant from the mere fact, of itself, that the plaintiff was injured in connection with the defendant's car."

This instruction is, as we think, substantially included in

instruction 6, given at appellant's request, which is as follows :

" 6.    The jury are instructed that the plaintiff can not recover in this case against the defendant company unless they find that she had a preponderance of the evidence supporting the propositions :

1st.    That the plaintiff was not at the time of the accident guilty of any failure to exercise ordinary care for her own safety, which proximately contributed to her injury.

2d.    That the defendant company was guilty of negligence in the manner charged in the declaration.

3d.    That such negligence was the proximate, direct cause of the plaintiff's injuries in question, if any.

And if you find from the evidence that the plaintiff has failed to sustain these propositions, as stated, or that she has failed to sustain any one of them, she can not recover against said defendant company, and you should find the defendant not guilty."

Instruction 21.    " The jury are instructed that, even if they believe from the evidence in this case that the defendant, by its servant or servants, shortly before the accident, saw the driver of the sleigh in question driving near the track where the injury occurred, yet, as a matter of law, they had a right to presume that the said driver was a person of ordinary prudence and would exercise ordinary and reasonable precaution to avoid danger, and the defendant's servant or servants had a right to act on that presumption until said servant or servants saw something in his conduct to indicate to the contrary."

There was no error in refusing this instruction.    What appellant's servants in charge of the car might or might not assume was a question for the jury.    Louisville, etc., Ry. Co. v. Patchen, 167 Ill. 204,  212.

Instruction 23.    " If the jury believe from the evidence that the sole cause of the injury to the plaintiff was the negligent manner in which the sleigh in question was driven or managed—if the jury believe from the evidence that the sleigh was negligently driven or managed, then the court instructs the jury to find the defendant not guilty."

The court, by instruction 6, above quoted, told the jury that there could be no recovery unless they found from the evidence that the defendant was negligent as charged

in the declaration, and that such negligence was the direct and proximate cause of the plaintiff's injuries. This clearly excluded recovery, if the jury believed from the evidence that the sole cause of the accident was the negligent driving of the sleigh. Besides, the theory of appellant as to the cause of the accident was that the sleigh was suddenly turned into the track so close to the approaching car that the motorman could not avoid the collision, and so the accident was occasioned by the negligent driving of the sleigh. This theory was fully submitted to the jury by appellant's instruction 8, as follows:

" 8. The court instructs the jury that while, if you believe from the evidence that the occupants of the sleigh in question were driving along the street in such a position that they were likely to be injured by the advance of the car, the motorman in charge of the defendant's car was bound to use ordinary care to prevent such threatened injury, if he knew, or by the exercise of ordinary care might have known, the danger, and if by using ordinary care he might have avoided it, yet if the jury believe from the evidence that the said sleigh was driven in front of the car so suddenly that the said motorman had no such notice of any danger to the occupants of the said sleigh as to give such motorman an opportunity to avoid the danger by the exercise of such presence of mind, and of such ordinary care as is to be expected from men of ordinary coolness and prudence under such circumstances as were then surrounding him, and if the jury further believe from the evidence that at the time of the accident and prior thereto the car of the defendant was being operated with ordinary care, then the plaintiff has no right to a verdict in her favor."

Instruction 24. " The court instructs the jury that while the defendant in operating its said car at the time and place in question was bound to have regard to the rights and safety of others, yet it was not obliged to be all the while on its guard against the not reasonably to be expected, the unusual and extraordinary, and if the jury believe that the crossing of the track by the sleigh in which the plaintiff was riding, if it did cross the track, was, under all the circumstances in evidence, extraordinary, not reasonably to be expected, or unusual, then it became the duty of the defendant to stop its car only so soon as the servant or servants in charge thereof had notice or knowledge, or by the exer-

cise of ordinary care could have had notice or knowledge of the crossing of the track by the said sleigh; and if the jury further believe from the evidence that such notice or knowledge was insufficient for the said servant or servants by the exercise of ordinary care to stop said car without injuring the said plaintiff, then the jury must find the defendant not guilty."

We find no evidence in the record that the crossing of the track, if it was crossed, by the sleigh, was unusual and extraordinary, and we apprehend that it would be difficult, if not impossible, to prove that, in the city of Chicago, it is unusual and extraordinary for a vehicle, moving in a certain direction, to be driven into and upon a street car track some distance from, and in front of, a street car moving in the same direction in the same track. The result of such an investigation might be that, instead of being unusual and extraordinary, it is quite common. The instruction, if given, would have left the jury to guess whether it was usual or unusual, ordinary or extraordinary. The sixth instruction, above quoted, informed the jury that appellant was not liable in case the sleigh was driven in front of the approaching car so suddenly that the motorman, in the exercise of ordinary care, under the circumstances, could not avoid the collision, and such is the law, whether the so driving the sleigh was, or not, unusual and extraordinary.

Instruction 25. "The court instructs the jury that if they believe from the evidence that the injury to the plaintiff was the result of an accident which occurred without the negligence of the defendant, as charged in the declaration, they should return a verdict of not guilty."

This instruction is fully included in the sixth and other instructions given. It is needless to repeat what has been frequently said as to the repetition, in different language, of instructions given. The jury were fully and fairly instructed.

The judgment will be affirmed.